UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICKI KAPP,

        Plaintiff,

v.

JEWISH HOSPITAL, INC., et al.,

        Defendants.

NO. 1:09-CV-00949

**OPINION AND ORDER**

        This matter is before the Court on Defendants' Motion for Summary Judgment (doc. 46), Defendants' Notice of Supplemental Filing (doc. 54), Plaintiff's Response in Opposition (doc. 57), and Defendants' Reply (doc. 63). For the reasons indicated herein, the Court GRANTS Defendants' motion, and DISMISSES this matter from the docket.

**I. Background**

        Plaintiff Vicki Kapp started working for Defendant Jewish Hospital in 1988, and her last position was working the night shift as a Registered Nurse (doc. 2). Plaintiff performed the same basic tasks as other nurses, carried the same patient loads which involved assessing patients, preparing and implementing care plans, continuously evaluating patient physical and mental status, and accurately documenting her nursing processes (doc. 46). Defendant Jewish Hospital terminated Plaintiff's employment on March 25, 2009

(Id.). Plaintiff claims that immediately prior to her termination, she had requested leave pursuant to the Family Medical Leave Act ("FMLA") in order to have surgery (doc. 2). Plaintiff faxed a request for time off on March 20, 2009, to her former manager Defendant Betty Mitchell (Id.). Plaintiff further indicates she complained to Betty Mitchell that people over the age of fifty were treated differently by Defendants (Id.).

Defendants claim Plaintiff was not terminated due to age or in retaliation for having taken FMLA leave, but rather because she administered medication without a doctor's orders, in violation of hospital policy and state law (doc. 46). Plaintiff claims in response that a younger employee, Megan Goldie, provided the patient with the same treatment and was not warned or terminated (doc. 2). Plaintiff similarly alleges two other individuals are comparators who were treated differently (Id.).

Plaintiff brings a five-count Complaint, against both her former manager Defendant Betty Mitchell and Defendants Jewish Hospital/Health Alliance alleging 1) a violation of the FMLA, 2) age discrimination, 3) a violation of the ADEA, 4) retaliation for complaints of age discrimination, and 5) disability discrimination based on a perceived disability (doc. 2). Plaintiff seeks reinstatement to her prior position, back wages and benefits, and damages for emotional distress (Id.). Defendants move for summary judgment, arguing Plaintiff cannot establish a prima facie case for

2

any of her claims and that, in any event, Plaintiff's employment was legally terminated for inappropriate patient care (Id.). This matter has been fully briefed and is ripe for the Court's consideration (Id.).

## II. Applicable Legal Standard

Although a grant of summary judgment is not a substitute for trial, it is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also, e.g., Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464 (1962); LaPointe v. United Autoworkers Local 600, 8 F.3d 376, 378 (6th Cir. 1993); Osborn v. Ashland County Bd. of Alcohol, Drug Addiction and Mental Health Servs., 979 F.2d 1131, 1133 (6th Cir. 1992) (per curiam). In reviewing the instant motion, "this Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Patton v. Bearden, 8 F.3d 343, 346 (6th Cir. 1993), quoting in part Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986) (internal quotation marks omitted).

The process of moving for and evaluating a motion for summary judgment and the respective burdens it imposes upon the

3

movant and the non-movant are well settled. First, "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact [.]" Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see also LaPointe, 8 F.3d at 378; Guarino v. Brookfield Township Trustees, 980 F.2d 399, 405 (6th Cir. 1992); Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The movant may do so by merely identifying that the non-moving party lacks evidence to support an essential element of its case. See Barnhart v. Pickrel, Schaeffer & Ebeling Co., L.P.A., 12 F.3d 1382, 1389 (6th Cir. 1993).

Faced with such a motion, the non-movant, after completion of sufficient discovery, must submit evidence in support of any material element of a claim or defense at issue in the motion on which it would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex, 477 U.S. at 317; Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). As the "requirement [of the Rule] is that there be no genuine issue of material fact," an "alleged factual dispute between the parties" as to some ancillary matter "will not defeat an otherwise properly supported motion for summary judgment." Anderson, 477 U.S. at 247-248 (emphasis added);

4

see generally Booker v. Brown & Williamson Tobacco Co., Inc., 879 F.2d 1304, 1310 (6th Cir. 1989). Furthermore, "[t]he mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 252; see also Gregory v. Hunt, 24 F.3d 781, 784 (6th Cir. 1994). Accordingly, the non-movant must present "significant probative evidence" demonstrating that "there is [more than] some metaphysical doubt as to the material facts" to survive summary judgment and proceed to trial on the merits. Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 339-340 (6th Cir. 1993); see also Celotex, 477 U.S. at 324; Guarino, 980 F.2d at 405.

Although the non-movant need not cite specific page numbers of the record in support of its claims or defenses, "the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the non-moving party relies." Guarino, 980 F.2d at 405, quoting Inter-Royal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) (internal quotation marks omitted). In contrast, mere conclusory allegations are patently insufficient to defeat a motion for summary judgment. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990). The Court must view all submitted evidence, facts, and reasonable inferences in a light most favorable to the non-moving party. See Matsushita Elec. Indus. Co.

v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); United States v. Diebold, Inc., 369 U.S. 654 (1962). Furthermore, the district court may not weigh evidence or assess the credibility of witnesses in deciding the motion. See Adams v. Metiva, 31 F.3d 375, 378 (6th Cir. 1994).

Ultimately, the movant bears the burden of demonstrating that no material facts are in dispute. See Matsushita, 475 U.S. at 587. The fact that the non-moving party fails to respond to the motion does not lessen the burden on either the moving party or the Court to demonstrate that summary judgment is appropriate. See Guarino, 980 F.2d at 410; Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991).

### III. Analysis

After reviewing the parties' arguments, the Court finds it unnecessary to address whether Plaintiff properly exhausted her claims because in any event, they fail. It is clear to the Court Plaintiff has not adequately established a prima facie case for any of her claims, because she has not established a causal connection between her claims and her termination. As such she fails to establish the fourth-prong of the applicable discrimination analysis. McDonnell Douglas v. Green, 411 U.S. 792 (1973).

Even if the Court errs in such determination, the Court finds that Defendants' proffered legitimate reason for terminating Plaintiff's employment is not pretextual but has a basis in fact.

6

Killian v Yorozu Auto. Tenn., Inc., 454 F.3d 549, 556 (6th Cir. 2006). Under Ohio Revised Code § 4723.151(A) it is clear that the diagnosis or prescription of medical measures by a nurse are prohibited. There is no dispute in this case that Plaintiff administered the medication Intravenous Dextrose, "D50", to a patient without a doctor's Order, and that she actually signed the doctor's name to the Order so as to obtain the medicine from the pharmacy. The Court rejects Plaintiff's argument that she followed "protocol," as any protocol conforming to her actions would be in contravention of Ohio law. There is no evidence that other nurses filled a prescription without a physician's authorization. Defendant Mitchell properly investigated Plaintiff's actions, found violations of numerous hospital policies, discussed her decision with Human Resources, her boss, her boss's boss, and collectively they arrived at the decision to terminate Plaintiff. Such actions show Defendants' proffered reason for terminating Plaintiff's employment actually motivated their decision. As such, the Court finds Defendants' Motion for Summary Judgment well-taken, rejects Plaintiff's arguments to the contrary, and finds Defendants entitled to judgment as a matter of law.

### IV. Conclusion

For the reasons indicated herein, the Court finds Defendants' Motion for Summary Judgment well-taken, GRANTS Defendants' motion (doc. 46), and DISMISSES this matter from the

7

docket.

SO ORDERED.

Dated: 9/27/12

S. Arthur Spiegel
United States Senior District Judge

8